# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BILL GAEDE, | CASE NO. CV F 12-0468 LJO DLB |
| Plaintiff, | **ORDER ON PLAINTIFF'S F.R.Civ.P 60(b) MOTION FOR RELIEF FROM JUDGMENT** (Doc. 16.) |
| vs. | |
| UNITED STATES FOREST SERVICE, et al., | |
| Defendants. | |
| _____/ | |

## INTRODUCTION

Plaintiff Bill Gaede ("Mr. Gaede") seeks relief from dismissal of his unlawful detention claims against defendants U.S. Forest Service ("USFS") and USFS Park Ranger Richard Telles ("Park Ranger Telles"). USFS and Park Ranger Telles (collectively "defendants") challenge relief from dismissal in the absence of Mr. Gaede's viable claims. This Court considered Mr. Gaede's F.R.Civ.P. 60(b) motion for relief from judgment on the record and VACATES the February 13, 2013 hearing. For the reasons discussed below, this Court DENIES Mr. Gaede relief from dismissal of his action.

## BACKGROUND

### Dismissal Of Mr. Gaede's Claims

On March 28, 2012, Mr. Gaede filed his Complaint for Damages ("complaint") to allege against defendants 42 U.S.C. § 1983 ("section 1983") and tort claims arising from Park Ranger Telles' 20-30 minute detention of Mr. Gaede by threat of tazer use. On December 17, 2012, defendants filed their F.R.Civ.P. 12(b)(1) papers to seek dismissal in that the complaint's claims are barred by immunities and fail to invoke defendants' liability under section 1983, *Bivens*,[1] and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, and thus fail to invoke this Court's subject matter jurisdiction. Defendants set a January 16, 2013 hearing on their F.R.Civ.P. 12(b)(1) motion to dismiss. Defendants' notice of motion stated:

> Opposition to the granting of the motion shall be in writing and shall be filed and served not less than fourteen (14) days preceding the notice[d] (or continued) hearing date. . . . A motion for dismissal under Rule 12 of the Federal Rules of Civil Procedure may, if granted, end the case.

This Court issued its January 9, 2013 order ("January 9 order") to dismiss the complaint's claims, after deadlines had expired to amend the complaint as a matter of course under F.R.Civ.P. 15(a)(1) and to oppose defendants' F.R.Civ.P. 12(b)(1) motion to dismiss. The January 9 order concluded that the complaint lacked viable section 1983, *Bivens*, FTCA or tort claims against defendants. A January 9, 2013 judgment was entered in favor of defendants on all the complaint's claims.

### Relief From Judgment

On January 11, 2013, Mr. Gaede filed his F.R.Civ.P. 60(b) motion seeking to modify judgment to allow Mr. Gaede to dismiss the complaint without prejudice and allow Mr. Gaede to pursue an amended FTCA claim. Donna Standard ("Ms. Standard"), Mr. Gaede's counsel, states in her declaration: "Upon receipt of the motion [to dismiss], I calendared my response date inaccurately and missed the deadline to respond. . . . I thought I had time to file a dismissal to enable my client to re-file his claim under the Federal Tort Claims Act." Mr. Gaede contends that he "should be given the opportunity to proceed with his valid claim against the USFS director and employee." Mr. Gaede seeks

---

[1] *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999 (1971).

to amend his complaint "to reflect the facts necessary to support" that Park Ranger Telles exceeded the scope of his duties.

## DISCUSSION

### F.R.Civ.P. 60(b) Motion For Relief Of Judgment Standards

F.R.Civ.P. 60(b)(1) permits relief from final judgment on grounds of "mistake, inadvertence, surprise, or excusable neglect." F.R.Civ.P. 60(b) relief is not a matter of right and rests in the trial court's sound discretion. *Robb v. Norfolk & Western Ry. Co.*, 122 F.3d 354, 359 (7th Cir. 1997); *de la Torre v. Continental Ins. Co.*, 15 F.3d 12, 14 (1st Cir. 1994); *see Carter v. United States*, 973 F.2d 1479, 1489 (9th Cir. 1992). F.R.Civ.P. 60(b) relief may be granted "only upon an adequate showing of exceptional circumstances." *Richards v. Aramark Services, Inc.*, 108 F.3d 925, 927 (8th Cir. 1997); *Massengall v. Oklahoma Bd. of Examiners in Optometry*, 30 F.3d 1325, 1330 (10th Cir. 1994); *United States v. Bank of New York*, 14 F.3d 756, 757 (2nd Cir. 1994).

A motion for F.R.Civ.P. 60(b)(1) relief "must be made within a reasonable time . . . no more than a year after entry of the judgment or order." F.R.Civ.P. 60(c)(1).

"[O]nce judgment has been entered in a case, a motion to amend the complaint can only be entertained if the judgment is first reopened under a motion brought under Rule 59 or 60." *Lindauer v. Rogers*, 91 F.3d 1355, 1357 (9th Cir. 1996).

Mr. Gaede appears to pursue the "excusable neglect" avenue for his requested relief. Excusable neglect "covers negligence on the part of counsel." *Bateman v. U.S. Postal Service*, 231 F.3d 1220, 1223 (9th Cir. 2000). "[D]etermination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Bateman*, 231 F.3d at 1223-1224 (9th Cir. 2000) (citing *Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 395, 113 S.Ct. 1489 (1993)). Although not an "explicit" factor, prejudice to the movant should be considered when appropriate. *Lemoge v. U.S.*, 587 F.3d 1188, 1195 (9th Cir. 2009).

Mr. Gaede fails to address the excusable neglect factors. Ms. Standard merely admits to her calendaring error and claims that Mr. Gaede has a valid FTCA claim without identifying the claim other

than as one "against the USFS director and employee." Defendants, on the other hand, address the excusable neglect factors.

**<u>Prejudice</u>**

Defendants argue that relief from dismissal will prejudice them to defend futile claims in that the January 9 order correctly concluded that:

1. Park Ranger Telles "is entitled to qualified immunity, which is an entitlement not to stand trial, and not merely a defense from liability"; and

2. The United States "cannot be held liable for constitutional claims or tort claims barred by the Discretionary Function Exception."

Defendants further note the absence of a jurisdiction to support a *Bivens* claim.

Defendants are correct that Mr. Gaede fails to demonstrate an actionable claim against defendants. This Court need not grant an attempt to amend if Mr. Gaede is unable to cure pleading deficiencies "by the allegation of other facts." *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). Mr. Gaede fails to identify additional facts or claims to support defendants' purported liability. In the absence of viable claims, setting aside dismissal is of no event and would serve only to punish defendants' legitimate dismissal of the claims against them.

**<u>Inexcusable Delay</u>**

Defendants characterize calendaring errors as a "'weak' basis to grant relief from judgment." Defendants note that Ms. Standard received defendants' moving papers, did not intend to file an opposition, and was advised in language plain enough for pro se litigants that opposition was due 14 days prior to the hearing and that defendants' motion subjected the case to dismissal.

Ms. Standard demonstrates no legitimate excuse for her failure to respond to defendants' motion to dismiss, especially considering that the notice of motion advised her of the deadline to act. This Court delayed to issue its order to January 9, 2013, a week prior to the January 16, 2013 hearing. Ms. Standard fails to substantiate how she believed she could continue to delay so close to the hearing date.

**<u>Absence Of Good Faith</u>**

Defendants further challenge Ms. Standard's good faith throughout this action. Defendants note her failure to accomplish service of process within 120 days to satisfy F.R.Civ.P. 4(m), her failure to

4

appear at the original July 17, 2012 scheduling conference, and incorrectly informing this Court that she would seek defendants default although their time to respond had not expired.

The record reflects Ms. Standard's delay and lack of diligence. Setting aside judgment to allow pursuit of dubious claims would only award such conduct.

### CONCLUSION AND ORDER

For the reasons discussed above, this Court DENIES Mr. Gaede's requested relief and will not disturb dismissal of this action and judgment in defendants' favor.

IT IS SO ORDERED.

Dated:   **February 6, 2013**            /s/  Lawrence J. O'Neill
                                         UNITED STATES DISTRICT JUDGE